# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00033-CR

**Roderick Finnell Tate, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TARRANT COUNTY, 372ND JUDICIAL DISTRICT NO. 0807861D, HONORABLE D. SCOTT WISCH, JUDGE PRESIDING

Appellant Roderick Finnell Tate was convicted of the offense of theft of property of the value of less than $1,500 and of having been twice previously convicted of felony theft. *See* Tex. Pen. Code Ann. ' 31.03(a), (b)(1), (e)(4)(D) (West Supp. 2002). Appellant=s punishment was assessed by the jury at confinement in a state jail facility for two years. We affirm the judgment.

In his sole point of error, appellant asserts that the evidence is legally insufficient to support the jury=s verdict. In reviewing the legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Aiken v. State*, 36 S.W.3d 131, 132 (Tex. App.CAustin 2000, pet. ref=d). Appellant argues that ATeresa Davis= (the complainant=s) testimony was tainted by the fact that the State had given her a mug shot view of the appellant on the day of trial.@ Therefore, appellant insists that the evidence is insufficient to identify appellant as the person who committed the charged offense.

Teresa Davis, an employee of John Peter Smith Hospital, was taking a break in an area close to her office. Davis heard footsteps in her office but was not alarmed because she thought it was her supervisor. When Davis heard her cash register bell ring, she entered her office and saw a man, whom she identified at trial as appellant, taking money from her cash register. Davis confronted appellant and told him, AHey, put that money back.@ Davis then started yelling for her supervisor, David Graves. Appellant took the money from the cash register, pushed Davis aside, and ran. Davis, Graves, and other employees chased appellant until a security officer trapped appellant in a revolving door. The security officer put appellant on the floor and handcuffed him. Appellant had in his possession thirty-three dollarsCthe same amount of money taken from the cash register. Graves, who had been following closely behind appellant as he ran, reached the revolving door when appellant was trapped there. At trial, Graves identified appellant as the thief.

Travis Stanley, an investigator for the Tarrant County Hospital District Police Department, came to the scene of appellant=s arrest just after he had been handcuffed. Stanley helped escort appellant to the police squad room and was present when appellant was photographed and processed before appellant was taken to the Tarrant County jail. Stanley identified appellant at trial as the man who had been apprehended and arrested after he was trapped in the revolving door.

After being recalled as a witness, Davis testified that she had been shown a mug shot of appellant on the day she testified. Davis candidly testified, AI already knew who he was, but yes, that [the mug shot] could slightly, do it [help her with the identification of appellant].@ Although appellant makes no complaint about Graves=s trial identification, the record shows that before he testified Graves was also shown a mug shot of appellant. Both Davis and Graves testified that they identified appellant from having seen him on the day of the theft. Davis, Graves, and Stanley all identified appellant.

Appellant cites and quotes from *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex. Crim. App. 1989) as follows:

> We are not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt; rather, we are to ask ourselves whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt. We do not presume that a jury acted reasonably just because they were properly instructed; we test the evidence to see if it is at least conclusive enough for a reasonable factfinder to believe based on the evidence that the element is established beyond a reasonable doubt.

The test of *Blankenship* was met by the evidence in this case. The evidence, when viewed in the light most favorable to the prosecution, would support a rational finding that the essential elements of the charged

offense, including the identification of appellant, were proved beyond a reasonable doubt. The verdict of the jury, the finder of fact, is supported by legally sufficient evidence. Appellant=s point of error is overruled.

Judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed: August 30, 2002

Do Not Publish

4

*    Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. **'** 74.003(b) (West 1998).